# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| TAURUS LAVON MYERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV421-239 |
| | ) | |
| CHATHAM COUNTY | ) | |
| SHERIFF'S OFFICE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

*Pro se* plaintiff Taurus Lavon Myers filed a 42 U.S.C. § 1983 Complaint alleging deliberate indifference to his safety and serious medical needs. *See* doc. 1 at 5-6. The Court previously granted him leave to proceed *in forma pauperis*, doc. 4, and he returned the required forms, docs. 7 & 8. The Court, therefore, proceeds to screen his Complaint. *See* 28 U.S.C. § 1915A.

The Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a complaint pursuant to § 1915A. *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001). As a result, the Court accepts the allegations in the Complaint as true and construes

1

them in the light most favorable to the plaintiff. *See Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations that are nothing more than "[t]threadbare recitals of elements of a cause of action," however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the facts in the Complaint do not state a claim for relief that is plausible on its face, the Court may dismiss the Complaint. *Id.*; *see also Bumpus*, 448 F. App'x at 4 n.1; 28 U.S.C. § 1915A(b)(1). Because Myers is proceeding *pro se*, the Court construes his pleadings liberally and holds them to a less stringent standard than pleadings drafted by attorneys. *See Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

## I.   BACKGROUND

The allegations in Myers' Complaint are somewhat limited. *See generally* doc. 1. Myers alleges that on July 17, 2021, Lt. Garvin ordered that he be restrained after he attempted to commit suicide and threated to swallow metal. *Id.* at 5. He was "strapped up" and taken to "the bubble." *Id.* While being restrained in "the bubble," another inmate approached Myers, and the two had "a verbal altercation" in front of Deputy Torres. *Id.* at 5. The inmate "showed [Myers] that [the inmate] could get out of his restraints." *Id.* at 5-6. Shortly after, Garvin and

Torres took Myers to the day area. *Id.* at 6. Almost immediately, the inmate who had gotten into a verbal altercation with Myers attacked him. *Id.* The inmate landed nine blows to Myers' face before officers were able to get control of him. *Id.* Officers took Myers to see a nurse. Doc. 1 at 6. Myers told her that his jaw hurt so badly it felt like it was broken and that his vision was blurry. *Id.* The nurse gave Myers pain medication and sent him back to his cell without any further medical treatment. *Id.* Myers was then placed on suicide watch. *Id.*

Myers filed this § 1983 action against Garvin, Torres, the Chatham County Sheriff's Office, Sheriff John Wilcher, and Captain Blanton. *See* doc. 1 at 1. He seeks release from jail, for the officers who were present when "this incident took place" to be fired, and $1,000,000. *Id.* at 7. While he does not state a specific cause of action, the Court construes his allegations regarding the attack as an Eighth Amendment deliberate indifference claim based on failure-to-protect, and his allegations about the medical treatment he received afterwards as an Eighth Amendment deliberate indifference claim based on inadequate medical care.

## II. ANALYSIS

### A. Improper Relief and Defendants

As an initial matter, the Court will consider whether the relief Myers seeks is available in a § 1983 action and whether the defendants are subject to suit under § 1983. Myers' request for release from jail is not an available form of relief in a § 1983 action. *See* doc. 1 at 7. "[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. . . . He must seek federal habeas corpus relief (or appropriate state relief) instead." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (internal quotations and citations omitted); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may com within literal terms of § 1983."). Myers' request for release is therefore **DISMISSED**. Myers' request that the officers present at the time of the "incident" be fired is also an unavailable form of relief in a § 1983 action. *See* doc. 1 at 7. "Federal courts have no authority . . . to fire state employees[.]" *Newman v. Ala.*, 683 F.2d 1312,

1321 (11th Cir. 1982) (internal quotations and citation omitted). Myers' request that officers be fired is therefore **DISMISSED**.

As for the defendants, Georgia sheriffs' departments are not proper parties to a § 1983 lawsuit because they are not legal entities capable of being sued. *See, e.g.*, *Wooten v. Bohannon*, 2021 WL 5751440, at *2 (S.D. Ga. Nov. 10, 2021) (citing *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995)) (recommending dismissal of claims against county sheriff's department because department was "not a 'person' subject to suit under § 1983"), *adopted* 2021 WL 5746004 (S.D. Ga. Dec. 2, 2021). Accordingly, all claims against the Chatham County Sheriff's Office for alleged violations of Myers' constitutional rights are **DISMISSED**.

Myers' claims against Sheriff Wilcher are also defective. His factual allegations do not mention Wilcher at all. *See generally* doc. 1. It, therefore, appears that he seeks to hold Wilcher liable in his supervisory capacity. However, § 1983 claims cannot be asserted based on alleged vicarious liability. *See Averhart v. Warden*, 590 F. App'x 873, 874 (11th Cir. 2014) ("Section 1983 claims may not be brought against supervisory officials solely on the basis of vicarious liability or *respondeat superior*.") (citing *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir.

2010)). Given the limited allegations in Myers' Complaint, the Court cannot conclude that a claim against Sheriff Wilcher is impossible, however. Myers will, therefore, have an opportunity to assert any such claim by amendment, as discussed below.

Myers' factual allegations do not mention Captain Blanton at all either. *See generally* doc. 1. However, Myers does reference unnamed prison officials. *See, e.g., id.* at 5 ("Lt. Garvin order *the officers* to place me in [the] bubble…" (emphasis added)). Blanton may be one of the unnamed officials, or Myers may be trying to hold Blanton, a captain, liable in a supervisory capacity. As discussed above, § 1983 claims cannot be asserted based on alleged vicarious liability. *See Averhart*, 590 F. App'x at 874. Given the limited allegations in Myers' Complaint, the Court cannot determine whether a claim against Blanton is permissible under § 1983. As with Wilcher, Myers will have an opportunity to assert any such claim by amendment, as discussed below.

### B. Deliberate Indifference Claims

To succeed on an Eighth Amendment deliberate-indifference claim, a plaintiff-inmate must show: (1) that the alleged deprivation is, "objectively, 'sufficiently serious,'" and (2) the defendant-official acted

with "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 834, 839 (1994) (internal citation omitted). To establish subjective recklessness, the plaintiff must show "that the defendant was actually, subjectively aware that *his own conduct*," whether that "conduct" be action or inaction, "caused a substantial risk of serious harm to the plaintiff." *Wade v. McDade*, ___ F.4th ___, 2024 WL 3354963, at *6-*7 (11th Cir. July 10, 2024) (emphasis added). Even if a defendant was aware of a substantial risk to a plaintiff-inmate's health or safety, if the defendant "'responded reasonably to the risk,'" he cannot be found liable under the Eighth Amendment. *Id.* (quoting *Farmer*, 511 U.S. at 844-45). Courts evaluate whether a defendant responded reasonably to a substantial risk to the plaintiff's health or safety objectively. *Id.*, at *8 (citing two decades of Eleventh Circuit precedent) (Jordan, J., concurring).

For decades, the Eleventh Circuit has described a "more than mere negligence" or "more than gross negligence standard" in determining whether an official acted with deliberate indifference to a substantial risk to an inmate's health or safety. *See Wade*, 2024 WL 3354963, at *2. On July 10, 2024, in *Wade v. McCade*, the Eleventh Circuit determined that

7

those standards were inconsistent with Supreme Court's decision in *Farmer v. Brennan* and clarified that courts in this circuit should apply the subjective recklessness standard articulated above. *See generally id.* To the extent prior Eleventh Circuit deliberate-indifference cases are not inconsistent with *Wade*, "they should continue to be cited as binding precedent." *Id.* at *10 (Jordan, J., concurring). For the reasons discussed below, Myers has not alleged facts sufficient to support either a deliberate indifference based on failure-to-protect claim or a deliberate indifference based on inadequate medical care claim.

First, as to a potential deliberate indifference based on failure-to-protect, prison officials must "take reasonable measures to guarantee the safety of the inmates," *Farmer*, 511 U.S. at 832 (internal quotations and citation omitted), and "[a] prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment if he is deliberately indifferent to a substantial risk of serious harm to an inmate who suffers injury," *Lane v. Philbin*, 835 F.3d 1302, 1307 (11th Cir. 2016). To establish an Eighth Amendment deliberate indifference claim based on a failure-to-protect, Myers must allege facts sufficient to show: "(1) a

8

substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." *Hale*, 50 F.3d at 1582.

The facts a pled are insufficient to demonstrate that any of the defendants knew that the inmate who attacked Myers posed a substantial risk to his safety or that they were aware that their actions–taking Myers out of "the bubble" and putting him in the day room–would put Myers at risk for serious harm. *See Wade*, 2024 WL 3354963, at *7. Myers asserts that one defendant, Torres, observed Myers and the other inmate get into a "verbal altercation," but does not detail the exchange or assert that the inmate made an immediate threat to Myers' safety. Doc. 1 at 5. Prison "officials must possess enough details about a threat to enable them to conclude that it presents a strong likelihood of injury, not a mere possibility. The unfortunate reality is that threats between inmates are common and do not, under all circumstances, serve to impute actual knowledge of a substantial risk of harm." *Marbury v. Warden*, 936 F.3d 1227, 1236 (11th Cir. 2019) (internal quotations and citations omitted). What, exactly, the inmate said during the alleged "verbal altercation" matters.

The exchange must have been such that each of the defendants, if they were aware of the exchange, could have concluded that Myers faced a substantial risk of serious harm. *See Wade*, 2024 WL 3354963, at *7. Generally erratic behavior or vaguely ominous statements are not necessarily sufficient to indicate a substantial risk of serious harm. *See, e.g., Carter v. Galloway*, 352 F.3d 1346, 1349-50 (11th Cir. 2003) (holding that complaining that a cellmate was "acting crazy, wanting to fake a hanging, and making a statement that Plaintiff would help in the fake hanging 'one way or another'" was insufficient "to make the inferential leap that a substantial risk of serious harm to Plaintiff existed"). Specific, contextually-credible threats, on the other hand, generally are sufficient. *See Rodriguez v. Sec'y for Dept. of Corr.*, 508 F.3d 611, 620-21 (11th Cir. 2007) (concluding that members of the plaintiff's former prison gang threatening to kill him upon his release into the general prison population was sufficient to put defendants on notice of a substantial risk of serious harm to the plaintiff).

Myers' allegation that Torres witnessed a "verbal alteration" is not sufficient to show that Torres or any other defendant deliberately disregarded a substantial threat of serious harm to Myers. However, it

is possible that a more carefully drafted complaint–one that details the "verbal altercation" and why Myers believes that the defendants were aware that putting him in the day room would put him at substantial risk of serious harm–could state an Eighth Amendment deliberate indifference claim based on a failure-to-protect. The Court will therefore give Myers an opportunity to amend his failure-to-protect claim. *See Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) ("Generally, when a more carefully drafted complaint might state a claim, a district court should give a pro se plaintiff at least once chance to amend the complaint before the court dismisses the action.").

Second, as to a deliberate indifference claim based on inadequate medical care, "[f]ederal and state governments . . . have a constitutional obligation to provide minimally adequate medical care to those whom they are punishing by incarceration." *Harris v. Thigpen*, 941 F.2d 1495, 1504 (11th Cir. 1991). To establish an Eighth Amendment claim based on inadequate medical care, Myers must allege facts sufficient to show that the defendants engaged in "acts or omissions sufficiently harmful to evidence deliberate indifference to [his] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The objective component to deliberate

indifference in this context, *see Wade*, 2024 WL 3354963, at *7, requires that Myers establish an objectively "serious medical need[–]one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention," *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004) (internal quotations and citations omitted). Second, Myers must show that the defendants' acted with deliberate indifference to his serious medical need by demonstrating that the defendants' were subjectively aware that their own inaction caused a substantial risk of serious harm to Myers and that the defendants' unreasonably disregarded that risk. *Wade*, 2024 WL 3354963, at *7. If the defendants acted reasonably, they cannot be held liable under the Eighth Amendment. *Id.*

Assuming without deciding that Myers' hurt jaw and blurry vision were an objectively serious medical needs, *see Brown*, 387 F.3d at 1351, Myers has not stated facts that establish an Eighth Amendment deliberate indifference claim based on inadequate medical care because he has not alleged facts that demonstrate that the nurse who treated him (or any named defendant) "was actually, subjectively aware that" failing

to take additional action regarding Myers' injuries "caused a substantial risk of serious harm," or that she did not "respond reasonably to the risk." *Wade*, 2024 WL 3354963, at *7.

In fact, the allegations in the Complaint show that Myers was immediately taken to see a nurse and that the nurse gave him painkillers. Doc. 1 at 6. Neither the officers who witnessed the altercation nor the nurse "deliberately disregard" Myers' complaints "without any investigation or inquiry." *See Goebert v. Lee Cnty.*, 510 F.3d 1312, 1328 (11th Cir. 2007). Myers received *some* treatment almost immediately–even if it was not the best possible treatment, or the treatment Myers might have preferred to receive. Medical care provided to prisoners is not constitutionally required to be "perfect, the best obtainable, or even very good," and "a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment [does not] support a claim of cruel and unusual punishment." *Harris*, 941 F.2d at 1505, 1510 (internal quotations and citations omitted). "[A] complaint that a [medical professional] has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the

Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S at 106. Because he cannot establish that the nurse's or any other defendants' conduct constituted subjective recklessness as used in criminal law, Myers cannot state an Eighth Amendment deliberate indifference claim based on inadequate medical care. *See Wade*, 2024 WL 3354963, at *7. Accordingly, his claim is **DISMISSED**. Doc. 1, in part; *cf. Jenkins*, 620 F. App'x at 711-12 (holding that a Court need not give a *pro se* plaintiff leave to amend where amendment would be futile).

### III.  CONCLUSION

For the reasons stated above, Myers' cannot state an Eighth Amendment deliberate indifference claim based on inadequate medical care. Therefore, that claim is **DISMISSED**. Doc 1, in part. His claims seeking immediate release from jail and for officers to be fired, as well as his claims against the Chatham County Sheriff's Office, are also **DISMISSED**. Doc. 1, in part. The Clerk is **DIRECTED** to remove the Chatham County Sheriff's Office from the docket.

However, a "more carefully drafted complaint might state a claim" for deliberate indifference based on failure-to-protect. *Jenkins*, 620 F.

App'x at 711. Myers is therefore **DIRECTED** to submit an amended complaint by July 30, 2024. He is advised that his amended complaint will supersede his original pleadings therefore must be complete in itself. *See Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) ("An amended complaint supersedes an original complaint."); *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada,* 674 F.2d 1365, 1370 n. 6 (11th Cir. 1982). In other words, Myers must include *all* factual allegations in support of his deliberate indifference claim based failure-to-protect in his amended complaint. The Clerk is **DIRECTED** to enclose a blank copy of Form Pro Se 14 (Complaint for Violation of Civil Rights (Prisoner)) with the service copy of this Order for Low's convenience. Failure to timely file an amended complaint may result in a dismissal. *See, e.g.,* Fed. R. Civ. P. 41.

Finally, the Court must assess Myers' filing fee. *See* 28 U.S.C. § 1915(b). Myers' prisoner trust fund account statement reflects no average monthly deposits of balance. *See* doc. 7 at 1. Based upon his furnished information, he does not owe an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). His account custodian shall

set aside 20 percent of all future deposits to the account, then forward those funds to the Clerk each time the set aside amount reaches $10, until the balance of the Court's filing fee has been paid in full. In the event Myers is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to Myers' new custodian. The balance due from Myers shall be collected by the custodian at his next institution in accordance with the terms of the payment directive portion of this Order.

**SO ORDERED**, this 16th day of July, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA